Case 15-24514-GLT    Doc 200    Filed 04/08/20    Entered 04/09/20 07:46:57    Desc Main
                    Document      Page 1 of 3

FILED
4/8/20 5:07 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | | |
|---|---|---|---|
| In re: | : | Case No.: | 15-24514-GLT |
| | : | Chapter: | 13 |
| Valerian A. Karlski | : | | |
| Renee J. Karlski | : | | |
| | : | Date: | 4/8/2020 |
| *Debtor(s).* | : | Time: | 11:30 |

## PROCEEDING MEMO

**MATTER:**   Status Conference:
  # 183 Notice of Final Cure Mortgage Payment re: Rule 3002.1 and Claim Number 14-2.
    # 188 - Response filed by JP Morgan Chase Bank
   # 192 - Reply filed by the chapter 13 trustee
   # 193 - Reply filed by the Debtors
   # 194 - Proposed Order filed by the Debtors

  # 177 Final Application for Compensation for Brian C. Thompson, Debtor's Attorney,
    Period: 4/11/2017 to 2/26/2020
     # 185 - Response filed by the Debtors
   # 196 - Response filed by Brian Thompson, Debtors' Attorney
   # 198 - Exhibit A filed by Brian Thompson, Debtors' Attorney

**APPEARANCES:**

  Debtor:    Brian C. Thompson (Valerian and Renee Karlski on the phone)
  Trustee:   Owen Katz
  JP Morgan Chase: Mark Pecharchik

**NOTES:** (11:33)

Pecarchik: When this file was referred to me, I had Chase review their documents. It appears the debtors are current as of April 1, through the end of March.

Court: Is the trustee in agreement then?

Katz: Yes.

Thompson: We'd like to request an affidavit confirming that to eliminate any shadow of doubt.

Pecarchik: I would oppose that.

Court: Because this is a contested matter, I can make a determination that the mortgage is current through April 1, 2020 based on the submissions.

Ms. Karlski: We did make a payment on April 2, 2020. So the account should be absolutely current. Where our confusion was, even though we made a payment in November looking at our monthly statement it showed we were a month behind.

Court: I find the mortgage is current through April 1, 2020. Moving to the fee application, the first question I have is about the judgment entered under the consent order. Prior to that, the Court approved a fee application in May 2017 awarding $18,086 for the period of June 2015-April 2017.

Thompson: The consent judgment was an agreement between our office and the debtors concerning the earlier fee application.

Court: What fees were paid from the prior fee application?

Thompson: Fees received up to that point.

Court: So the judgment was a compromise of the remaining fees that were owed under the prior (May 2017) fee order?

Thompson: Yes.

Court: The application further states that you're not seeking to be paid by the chapter 13 trustee to the extent funds are not available?

Thompson: Yes. We don't want our fees to stand in the way of a successful plan.

Court: So what I'm trying to understand is whether this is an issue of $1,955, or your are also seeking to collect additional amounts from this fee application post-discharge from the debtors directly?

Thompson: It's a post-discharge issue. We were paid $6,270.80 from the trustee, and the debtors also paid a retainer of $4,500.

Court: The $2,500 judgment is in addition to that?   And you're seeking to collect fees from this application beyond that?

Thompson: That's correct.

Court: How often do the debtors receive invoices?

Thompson: They received the itemization attached to the fee application and we went over it together.

Court: But no invoices were issued outside of the fee application process?

Thompson: No.

Ms. Karlski: When we began the case, I had requested a cramdown of the second mortgage. I was told the only way to do that was through a loan modification, I did not want a loan mod because of the time involved. I told Atty Thompson I wanted to sell the house at the end of 5 years, which would take care of the second mortgage because the home is underwater. I asked him for a ballpark of how much fees would cost, he indicated it would be around $4,500.  So, I paid that as a retainer to be done.

Court: The original fee order was entered and there weren't any objections to it, is there a reason you didn't object at that time?

Ms. Karlski: I didn't know I could object to you, your honor, but we did object to Attny Thompson.

Court: From the Court's standpoint, the case is essentially done.

Ms. Karlski: We did agree to the modification after Attny Thompson told us that our level of income would not get us a successful plan.

Thompson: When this came about, I presented them with the fee application and told them if they don't oppose it we would just ask for the $1,955.

Ms. Karlski: Atty Thompson's communication was not always the clearest. Is this $1,955 in addition to the $2,500?

Thompson: Yes.

Court: What Atty Thompson is offering to resolve this it to accept the $1,955 that's being held by the trustee in addition to the $2,500.

Katz: The $1,955.56 has already been distributed to the Thompson Law Group.

Court: It's part of the $6,200?

Katz: Yes, it's part of the $6,2070.80 amount we've already distributed.

Mr. Karlski: Atty Thompson informed us the trustee would be making the October 2019 payment, and when I contacted the Trustee in February about why the October payment was never paid, I never got a response. So if we pay the $2,500 that will take the place of the $8,112.50?

Court: We've already resolved the mortgage payment issue.  As to fees, can you confirm that Atty Thompson?

Thompson: Yes.

Mr. Karlski: We were told by Chase Bank's attorneys that the trustee split the payment into two accounts, which is why the October payment wasn't made. I need confirmation that Atty Thompson isn't going to try to get the rest of the $8,112.50. When do I get the judgment lifted from the second mortgage?

Court: When you receive your discharge.

Mr. Karlski: Do I have to go record the judgment and why do I have to file it myself?

Court: Usually it's faster when the debtor records the lien avoidance order and discharge order as opposed to the bank.

Mr. Karlski: I want to confirm that

Thompson: Yes, I can confirm that.

Court: I must observe that my examination of the time entries in the current fee application do not reveal anything that appears to be excessive or unwarranted, and that's based on the Court's experience at looking at numerous fee applications each month.  Based on the parties' understanding, I will enter an order approving the application in the full amount of $8,112.50, but will note that the Thompson Law Group will only receive the $1,955.56 already distributed from the trustee and $2,500.00 from the debtors.

*OUTCOME:*

1. Status Conference [Dkt. No. 190] is CONCLUDED. [HT to issue proposed form of order at Dkt. No. 192]

2. *Final Application for Compensation for Brian C. Thompson, Debtors' Attorney*, Period: 4/11/2017 to 2/26/2020 [Dkt. No. 177] is GRANTED as modified.  (1) The second paragraph is struck, and the following language shall be inserted in its place: As full payment of the obligations under this Order, Thompson Law Group, P.C. agrees to accept the distribution of $1,955.56 previously received from the chapter 13 trustee, and to waive all other amounts due and owing under this application from the Debtors.  (2) A final paragraph shall be added as follows:  Notwithstanding the foregoing, nothing in this Order shall alter or amend any amounts claimed to be due and owing under the $2,500 judgement issued by the Court on August 15, 2018 at Dkt. No. 144.  The Court finds that the judgement represents the sole remaining amounts owed by the Debtors to the Thompson Law Group, P.C. for fees generated in this case, and upon payment in full according to its terms, all such remaining obligations will be satisfied, waived, or otherwise resolved. [HT to Enter Order at Dkt. No. 177-6 with the modified language]

**DATED:**  4/8/2020